Edward L. Thornton, Defendant in Error, v. Harry Helmick, Plaintiff in Error.

Gen. No. 22,285.

1. VENDOR AND PURCHASER, § 67*—*what special assessments payable by grantee.* Where parties agreed to exchange real estate "subject to taxes and special assessments levied and payable after the year 1911," the word "payable," as applied to special assessments, is to be construed as meaning that the purchaser should pay any amounts not due but payable as special assessments after the year 1911, so that although the assessments in question were a lien prior to 1911, the instalments were not "payable," within the meaning of the contract, until after 1911, thus devolving their payment on the purchaser.

2. VENDOR AND PURCHASER, § 352*—*when evidence of levy of special assessments insufficient.* In an action on an agreement to exchange real estate to recover the amount of certain special assessments, evidence *held* insufficient to prove that such assessments were ever levied.

3. VENDOR AND PURCHASER, § 323*—*when recovery for assessments paid erroneous.* In an action to recover the amount of certain

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

special assessments, where the evidence was insufficient to prove that such assessments were ever levied, a judgment for plaintiff *held* erroneous.

4. MUNICIPAL COURT OF CHICAGO, § 31*—*when judgment of nil capiat entered in Appellate Court.* Where in an action in the Municipal Court of Chicago the record shows that plaintiff was not entitled to judgment for any sum under his statement of claim and the evidence, the judgment will be reversed and judgment of *nil capiat* and for costs entered in the Appellate Court.

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1916. Reversed with judgment of *nil capiat* and for costs. Opinion filed October 30, 1916.

A. W. MARTIN and EDWARD H. S. MARTIN, for plaintiff in error.

ADAMS, CREWS, BOBB & WESCOTT, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The writ of error in this case seeks a reversal of a judgment for one hundred dollars in favor of plaintiff and against defendant on the finding of the issues by the court under a submission in which trial by jury was waived.

The action arises under an agreement between the parties for an exchange of real estate and involves the construction of the words "subject to taxes and special assessments levied and payable after the year A. D. 1911." The trades were closed, the deeds were passed and the contract was canceled as having been performed by all the parties to it.

The contract is dated August 24, 1912. The special assessments said to be involved are claimed to be pay-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCI 38

able in instalments after 1911. We think that the word "payable" used in regard to special assessments means by construction that the purchaser should pay any amounts not due but payable as special assessments after the year 1911; so that notwithstanding the special assessments were a lien prior to 1911, the instalments involved were not payable until after 1911. It therefore follows that the payment of unpaid special assessments devolved, under the contract, upon the purchaser. Furthermore, there is no evidence in the record establishing as a fact that any special assessments were ever levied, charged or assessed against any property embraced within the contract between the parties; neither is there any attempt to make any legal proof of any such special assessments. One of the witnesses assumed that certain special assessments rested upon the property, but such evidence is not sufficient to meet legal requirement.

The finding and judgment of the Municipal Court are wrong, and as plaintiff was not entitled to a judgment for any sum under his statement of claim and the evidence, the judgment of the Municipal Court is reversed and a judgment of *nil capiat* and for costs entered in this court.

*Reversed with judgment of nil capiat and for costs.*